FIRST STATE BANK v. O'LEARY et al, Appellants, and STOCK GROWERS STATE BANK, Respondent.

(202 N. W. 142.)

(File No. 5608.   Opinion filed January 24, 1925.)

**Appeal and Error—Justification of Sureties on Appeal Bond, if Had Before Justice of Peace, Need Not Be in County Where Action Is Pending.**

Under Rev. Code 1919, Secs. 2398, 3164, justification of sureties on undertaking on appeal, on exception being taken to their sufficiency, if had before justice of peace, need not be in county where the action is pending; "thereof" in former section relating to court and not county.

Appeal from Circuit Court, Corson County; Hon. W. F. Eddy, Judge.

Action by the First State Bank against Jennie O'Leary and others. From the judgment, the named defendant and another appeal, defendant Stock Growers' State Bank being respondent. Motion to dismiss appeal denied.

*Sherin & Sherin,* of Watertown, for Appellants.

*McNulty & Campbell,* of Aberdeen, for Respondent.

Respondents cited: Barber v. Johnson (S. D., 57 N. W. 226; Tolerton v. Casperson, 63 N. W. 908; Aldrich v. Pub. Op. Pub. Co., 27 S. D. 589, 132 N. W. 278; Donovan v. Woodcock, 18 S. D. 29, 99 N. W. 82.

GATES, J.  This is a motion to dismiss the appeal to this court, for that, when exception was filed to the sufficiency of the sureties on the undertaking on appeal, the sureties justified before a justice of the peace of a county other than that in which the action was pending.  Section 3164, Rev. Code 1919, provides that, upon exception to the sufficiency of the sureties, justification shall he made as upon arrest and bail.  Section 2398 of the arrest and bail statute provides that justification may be had, "before the clerk of courts of the county where the action is pending, the judge thereof or a justice of the peace."  Counsel for respondent, in support of the motion to dismiss, insist that the justice of the peace must be of the county in which the action is pending, and therefore that the purported justification was not such, and that the appeal is a nullity.  They fortify their argument by the word

"thereof," which they say relates to the word "county," and that the clause should be interpreted as though "thereof" appeared at the end.

Perhaps grammatically the word "thereof" should relate to the word "county," but practically it cannot, because there was no such official as judge of the county, or county judge, until a generation after this section was incorporated into our law. The word "thereof" relates to the court, and not to the county. The judge referred to must have been the then territorial district judge, now the circuit judge. This office was not and is not that of judge of the county, but was and is the office of judge of the court having cognizance of arrest and bail proceedings in the lcounty. If the word "thereof" relates to the court, it cannot be said to have any application or relation to the words "justice of the peace," because there is no such office as justice of the peace of the court of the county. It would be contrary to principles of interpertation to say that the word "thereof" applies to the court, and in the same breath to say that it applies to the county in so far as the justice of the peace is concerned. So that in our view the statute means that the justification may be had: (1) before the clerk of courts, necessarily implying that it be within the county; or (2) before the judge, necessarily implying that it might be anywhere within his jurisdiction; or (3) before a justice of the peace, necessarily meaning any justice in the state. New York had a similar statute and the court adopted a rule that justification should be had either in the county where the defendant was arrested or where the bail resided. Wait's N. Y. Code of Procedure 1874, § 195, note.

We are of the opinion that the statute does not require that the justification, if had before a justice of the peace, must be had in the county in which the action is pending.

The motion to dismiss the appeal is denied. Respondent will be given 30 days within which to serve and file its brief.

ANDERSON, J., not sitting.

Note.—Reported in 202 N. W. 142. See Headnote, American Key-Numbered Digest, Appeal and error, Key-No. 381, 3 C. J. Sec. 1207.